#3 002246

FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

II SEP 23 PM 3:51

GARY VINNEDGE and
CHERYL VINNEDGE, Husband and
Wife,

            Plaintiffs,

v.

OSOLO URGENT CARE AND
OCCUPATIONAL MEDICAL CLINIC, an
Indiana Corporation, GREGORY G.
VANFOSSEN, N.P., and DORWYN C.
COLLIER, D.O., jointly and severally,

            Defendants.

CASE NO.:

3:11CV 380

---

SEAN W. DREW
Attorney for Plaintiffs
302 Sycamore Street
P.O. Box 880
Niles, MI 49120
269.683.5121 ph
269.683.2195 fx
drewlaw@qtm.net

---

## COMPLAINT FOR DAMAGES AND JURY DEMAND

      NOW COMES, the Plaintiffs, GARY AND CHERYL VINNEDGE, by and through their

counsel, Sean W. Drew of the DREW LAW OFFICE, and in support of the Complaint for

Damages and Jury Demand against the Defendants, jointly and severally, state the following:

## JURISDICTIONAL AND INTRODUCTORY STATEMENT

1.      Plaintiffs Gary Vinnedge and Cheryl Vinnedge, husband and wife, at all pertinent times and places reside at 1929 S 15th Street, City of Niles, County of Berrien and State of Michigan and are citizens of the State of Michigan.

2.      That at all relevant times and upon information and belief, Defendant Osolo Urgent Care and Occupational Medical Clinic was corporation formed under the laws of the State of Indiana and was a duly licensed medical provider  providing medical services to individuals within the State of Indiana at 26076 County Road 6, Elkhart, Indiana and Plaintiff in particular.

3.      That upon information and belief, Defendant Gregory G. VanFossen, N.P. is a citizen of the State of Indiana and is a duly licensed medical provider and at all relevant times hereto an employee, agent or ostensible agent of Defendant Osolo Urgent Care and Occupational Medical Clinic providing medical services and the Plaintiff in particular.

4.      That upon information and belief, Defendant Dr. Dorwyn C. Collier, D.O. is a citizen of the State of Indiana and licensed medical provider and at all relevant times hereto an employee, agent or ostensible agent of Defendant Osolo Urgent Care and Occupational Medical Clinic providing medical services to individuals within the State of Indiana and the Plaintiff in particular.

5.      That this matter in controversy previously filed a Proposed Complaint with the Indiana Department of Insurance (IDOI) and a review panel has rendered a decision.

6.      That this matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and that the parties hereto are of citizens of different States.

7.     That this Court has jurisdiction pursuant to 28 U.S.C §1332 and venue is proper pursuant to 28 U.S.C §1391(a).

## FACTUAL ALLEGATIONS

8.     Plaintiffs incorporate by reference paragraphs 1-6 as though more fully set forth herein below.

9.     That on May 18, 2005, Plaintiff presented to Defendant Osolo Urgent Care and Occupational Medical Clinic regarding pain and swelling to his right wrist which he had injured at work.

10.     That Plaintiff Gary Vinnedge was examined by Nurse Practitioner Gregory G. VanFossen, at which time Plaintiff Gary Vinnedge related to N.P. VanFossen he was experiencing sharp radiating and throbbing pain in his right wrist which Plaintiff described as a number "7" in severity, based on a 1-10 scale, with 1 being mild and 10 being severe.

11.     That on May 18, 2005, N.P. VanFossen ordered that an X-ray of Plaintiff Gary Vinnedge's right wrist be taken, which was done at the subject Osolo Urgent Care and Occupational Medical Clinic.

12.     That on May 18, 2005, Defendant N.P. VanFossen read and interpreted said X-ray as "cysts present no fx /dislocation".

13.     That the subject X-ray was not read or interpreted by a physician or radiologist.

14.     That upon reading the subject X-ray, N.P. VanFossen advised Plaintiff Gary Vinnedge that he had a right wrist sprain, provided a return to work restriction from said date of May 18, 2005 through May 25, 2005, with no strenuous or highly repetitive grasping or gripping

with the right hand, was provided over the counter Ibuprofen and was provided with a soft splint and informed to wear the same at work and at home.

15.     Plaintiff had a follow-up appointment on June 2, 2005 at which time the Plaintiff stated his chief complaint was constant pain, pain when he lifts with his wrist.

16.     That upon exam by N.P. VanFossen it was noted "right wrist has some tenderness with palp and extension with range of motion limited to 50% due to pain". Plaintiff Gary Vinnedge was instructed to return to work with no functional limits effective the date of exam on June 2, 2005.

17.     On June 20, 2005, Plaintiff's employer provided a form entitled "authority for treatment" which stated in the section "Nature of Injury" the following description: "wrist still swollen, shooting pain when using".  The authority for treatment form was signed by a representative of the Plaintiff's employer and provided to Defendant, Gregory G. VanFossen, N.P. on June 20, 2005.

18.     That Plaintiff, on June 20, 2005, re-appeared at subject Osolo Clinic and was again seen by N.P. VanFossen, wherein Plaintiff Vinnedge provided as his chief complaint "No improvement, still swollen, and has pain".  On examination, right wrist hand has some decreased extension/flexation range of motion relative to pain, right grip reported as 23 pounds with left grip at 113 pounds.  Diagnosis was provided as right wrist strain.   Restrictions from June 20, 2005 through June 27, 2005 stated as no strenuous or highly repetitive gripping with right hand and to return appointment scheduled for   June 27, 2005

19.     That on June 20, 2005 Defendant VanFossen released Plaintiff Gary Vinnedge to return to work with restrictions and prescribed a lockup wrist splint with a diagnosis of right wrist strain, and a return appointment for June 27, 2005.

20.     That on information and belief, Dr. Dorwyn C. Collier, D.O. is the direct supervisor, and the responsible physician for Nurse Practitioner Gregory C. VanFossen.

21.     That at no time did Plaintiff Gary Vinnedge ever see Dr. Dorwyn C. Collier or any physician, while treating at the Osolo Urgent Care and Occupational Medical Clinic.

22.     That at no time did Defendant, Gregory G. VanFossen, N.P., Dr. Dorwyn C. Collier, D.O. or Osolo Urgent Care and Occupational Medical Clinic seek and obtain a consult from a Radiologist or Orthopedic Physician.

23.     That on July 28, 2005 Plaintiff Gary Vinnedge presented to Robert K. Ellis, M.D of Orthopedic and Sports Medicine Center of Northern Indiana wherein Plaintiff Gary Vinnedge complained of "popping" in his right wrist, with severe tenderness and pain noted.

24.     That Plaintiff reported that his injury occurred two (2) months prior, no previous wrist injury.

25.     That Dr. Ellis reviewed the X-rays of May 18, 2005 from Defendant Osolo Urgent Care and Occupational Medical Clinic and noted an "s/l ligament tear with widening. Cysts in Scaphoid". The s/l ligament tear was not noted in Defendant VanFossen's impression.

26.     That Dr. Ellis concluded the visit with an impression/diagnosis of "TFCC Tear, Scapho Lunate Lig. Tear, right wrist".

27.     That further testing by Dr. Ellis, consisting of an MRI & Arthrogram of Plaintiff Gary Vinnedge's right wrists which revealed a Fracture of lunate with osteonecrosis and

subchondial collapse, mild negative ulnar variance, Lunatotriquetral ligament tear, and small cyst noted within the distal scaphoid, within the trapezium, and within capitrate.

28.     That Plaintiff Gary Vinnedge underwent surgical repair of the above stated injuries on December 20, 2005.

29.     That Plaintiff Gary Vinnedge attended occupational therapy until May 2006, at which time he had reached maximum recovery.

30.     That Plaintiff continues to date hereof with pain, lack of range of motion, decreased strength due to pain, degenerative changes/arthritis.

**COUNT I**
**MEDICAL NEGLIGENCE AS TO ALL DEFENDANTS**

31.     Plaintiffs incorporate by reference paragraphs 1-30 as though more fully set forth herein below.

32.     That Defendants Osolo Urgent Care and Occupational Medical Clinic, Greg VanFossen, NP and Dr. Collier, failed to timely appear, failed to properly assess and seek diagnostic testing and consults, given Plaintiff Gary Vinnedge's then and there existing medical status.

33.     That Plaintiff Gary Vinnedge exhibited grossly abnormal physical abnormalities, which were present and evident to Defendants in the course of their respective care and treatment.

34.     That in light of the signs, symptoms, and conditions of Plaintiff Gary Vinnedge, Defendants failed to comport themselves within the applicable standard(s) of care.

35.     That despite the foregoing standard(s) of care, said Defendants Osolo Urgent Care and Occupational Medical Clinic, Gregory G. VanFossen NP, and Dorwyn C. Collier, D.O. breached each and every standard of care in failing to properly assess and upon assessment,

administer appropriate treatment, procedures, modalities, all of which proximately caused

Plaintiff Gary Vinnedge's present medical disability.

36.     That from May 18, 2005 until date present, Plaintiff Gary Vinnedge has endured

extreme pain and conscious suffering.

37.     That all of the facts and circumstances concerning the care and treatment of

Plaintiff Gary Vinnedge are particularly within the knowledge of Defendants Osolo Urgent Care

and Occupational Medical Clinic, Greg VanFossen NP, and Dr. Collier and are not fully known

to Plaintiffs' decedent and Plaintiffs' damages would not have occurred if said Defendants would

have exercised due care and therefore the doctrine of *Res Ipsa Loquitur* is now specifically plead.

38.     That as a proximate result of the negligence of all the Defendants hereinabove,

Plaintiff Gary Vinnedge  is entitled to damages of a nature as required compensation for

economic and non-economic damages including but not limited to  reasonable medical and

hospital expenses; loss of income, earnings and wages; conscious pain and suffering, loss of

service,  loss of comfort, loss of society and companionship, loss of consortium, economic and

non economic compensatory damages and for all other just and proper relief.

## COUNT II
## LOSS OF CONSORTIUM

39.     Plaintiffs incorporate by reference paragraphs 1-38 as though more fully set forth

herein below.

40.     Absent the allegations set forth above, Plaintiff, Gary Vinnedge, would not have

suffered for the acts and/or omissions at the hand of the Defendants.

41.     Absent the allegations set forth above, Plaintiff, Cheryl Vinnedge, would not have suffered the loss of her husband's, Gary Vinnedge, consortium for the period of time alleged above and which is of a continuing nature.

42.     That Plaintiff, Cheryl Vinnedge, wife of Plaintiff, Gary Vinnedge, at all times and places pertinent hereto, makes her claim for loss of consortium, society, as well as services at the home and total loss or reduction of income and other associated losses in connection with the injuries sustained by Plaintiff, Gary Vinnedge.

43.     That as a proximate result of the acts of Defendants, and each of them, in this Count, Cheryl Vinnedge was deprived of the wifely consortium of Plaintiff, Gary Vinnedge for the period of his injury, which in continuing in nature, all to her damage in an amount to be proven at trial.

44.     That in depriving Cheryl Vinnedge of the loss of Plaintiff, Gary Vinnedge's, consortium, Defendants, and each of them, acted with disregard for the rights, needs, and feelings of Cheryl Vinnedge and by reason thereof she is entitled to the following damages against these Defendants in an amount to be proven at trial.

WHEREFORE, the Plaintiffs, GARY and CHERYL VINNEDGE, respectfully request this Honorable Court for the following relief:

I.      Any and all available damages in excess of $75,000.00;

II.     Past, present, and future economic and noneconomic compensatory damages;

III.    Damages for Cheryl Vinnedge for the loss of love, society, companionship, loss of consortium, economic and noneconomic compensatory damages; and

IV.    All other relief the Court deems equitable and just under the circumstances.

Respectfully submitted,

DREW LAW OFFICE

Attorney for Plaintiffs
Sean W. Drew
302 Sycamore Street
P.O. Box 880
Niles, MI  49120
269.683.5121 ph
269.683.2195 fx
drewlaw@qtm.net

## JURY DEMAND

NOW COMES the Plaintiffs, Gary Vinnedge and Cheryl Vinnedge, by and through their

attorney, Sean W. Drew of the DREW LAW OFFICE, and makes their demand for trial by jury.

Dated: September 23, 2011

DREW LAW OFFICE

Attorney for Plaintiffs
Sean W. Drew
302 Sycamore Street
P.O. Box 880
Niles, MI  49120
269.683.5121 ph
269.683.2195 fx
drewlaw@qtm.net

9 of 9