UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| GARY VINNEDGE and CHERYL VINNEDGE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 3:11cv380-PPS/CAN |
| | ) | |
| OSOLO URGENT CARE AND | ) | |
| OCCUPATIONAL MEDICAL CLINIC, | ) | |
| GREGORY G. VANFOSSEN, N.P., and | ) | |
| DORWYN C. COLLIER, D.O., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Gary Vinnedge suffered a work injury to his wrist and went to defendant Osolo Urgent Care and Occupational Medical Clinic. Vinnedge's complaint alleges that defendant Gregory VanFossen, a nurse practitioner, misdiagnosed the injury as a mere sprain when it actually involved a torn ligament and bone fracture that later required surgery. [DE 1.] Defendant Dorwyn C. Collier, D.O. is alleged to have been VanFossen's supervisor. Count I of the complaint asserts Gary's claim of medical negligence. Count II contains a loss of consortium claim by Gary's wife, plaintiff Cheryl Vinnedge. The parties dismissed defendant VanFossen by stipulation on July 19, 2012 [DE 27 & 28] after issues were raised concerning the timeliness of the lawsuit as to VanFossen [DE 17 & 18] and the existence of diversity jurisdiction over the claim against VanFossen [DE 26]. Now the two remaining defendants have filed a motion for summary judgment, to which no opposition has been filed. Osolo and Collier followed up with a

1

"Motion for Summary Ruling" invoking N.D.Ind. L.R. 7-1(d)(4), which authorizes me to "rule on a motion summarily if an opposing party does not file a response before the deadline."

On the merits, Osolo and Collier's first argument is that they could be liable only on a theory of *respondeat superior* based on the negligence of VanFossen as their employee, but that no such liability can be established where any claim against VanFossen is barred by the statute of limitations. The doctrine of *respondeat superior* can render an employer vicariously liable for the wrongful conduct of its employee undertaken within the scope of his employment. *Flaherty & Collins, Inc. v. BBR-Vision I, L.P.*, 990 N.E.2d 958, 969 (Ind.Ct.App. 2013); *Columbus Regional Hosp. v. Amburgey*, 976 N.E.2d 709, 714 (Ind.Ct.App. 2012). Where the statute of limitations bars the claim against the employee, however, *respondeat superior* liability of the employer is also defeated. *Deep Vein Coal Co. v. Dowdle*, 33 N.E.2d 981, 985 (Ind. 1941); *Cole v. Shults-Lewis Child and Family Services, Inc.*, 677 N.E.2d 1069, 1073 n.4 (Ind.Ct.App. 1997) [opinion vacated on other grounds]; *Standard Oil Co. v. Soderling*, 42 N.E.2d 373, 375 (Ind.Ct.App. 1942).

In the absence of any argument to the contrary from plaintiffs, this argument appears well-taken. The Seventh Circuit has often observed: "Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 158 F.3d 1039, 1041 (7th Cir. 1999), quoted in *G&S Holdings LLC v. Continental Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) and in *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir.

2006). The Vinnedges' claims against VanFossen were dismissed with prejudice [DE 28]. No vicarious liability can attach to Osolo or Collier where the underlying claim against the employee has been extinguished. *Riffle v. Knecht Excavating, Inc.*, 647 N.E.2d 234, 337-38 (Ind.Ct.App. 1995); *Sharp v. Bailey* 521 N.E.2d 368, 371 (Ind.Ct.App. 1988) ["Our decisions make clear that where the employee cannot be held liable no action based solely on respondeat superior is maintainable against his employer."]

Second, Osolo and Collier contend that they are entitled to summary judgment because the Vinnedges have failed to disclose an expert witness, and such an expert is necessary to their proof of the applicable standard of care associated with a medical malpractice claim. To succeed on a medical negligence claim, the Vinnedges must show the existence of a duty to Gary as the patient, a breach of that duty by conduct falling below a set standard of care, and a compensable injury caused by that breach of duty. *Chaffins v. Kauffman*, __ N.E.2d __, 2013 WL 5493400 at *2 (Ind.Ct.App. 2013). A defendant who can show there is no genuine issue of material fact as to one of these elements is entitled to summary judgment "unless the plaintiff can establish, by expert testimony, a genuine issue of material fact for trial." *Id.*

Osolo and Collier invoke the unanimous determination of the medical review panel that the evidence submitted did not support the conclusion that Osolo, VanFossen and Collier failed to meet the appropriate standard of care. [DE 46 at 9; DE 46-6.] "A unanimous opinion of a medical review panel finding the defendant did not breach the applicable standard of care is ordinarily sufficient to make a prima facie showing that there is no genuine issue of material fact." *Chaffins*, 2013 WL 5493400 at *3, citing *Methodist Hospitals., Inc. v. Johnson*, 856

3

N.E.2d 718, 721 (Ind.Ct.App. 2006). The Vinnedges have failed to disclose the expert witness necessary to create a genuine dispute of fact as to whether the standard of care was breached, and have failed to respond to the summary judgment motion challenging their ability to support their medical malpractice claim.

In an abundance of caution, Osolo and Collier also address the doctrine of *res ipsa loquitur*, which was invoked in passing in the Vinnedges' complaint and which, if applicable, could obviate the need for a medical expert to support their claim. Latin for "the thing speaks for itself," the legal doctrine allows negligence to be inferred in exceptional circumstances that are so firmly within common knowledge they've been judged not to require an expert to determine or explain the applicable standard of care. *Methodist Hospitals*, 856 N.E.2d at 721. "In the medical malpractice context, application of this exception is limited to situations in which the defendant's conduct is so obviously substandard that a jury need not possess medical expertise in order to recognize the defendant's breach of the applicable standard of care." *Id*.

Commonly cited examples of such situations are a surgeon operating on the wrong limb, or leaving a foreign object in a patient's body after surgery. *Ross v. Olson*, 825 N.E.2d 890, 893 (Ind.Ct.App. 2005). These kind of mistakes are the sort that obviously could only have happened if those responsible failed to use proper care, as is required for *res ipsa loquitur* to apply. *Methodist Hospitals*, 856 N.E.2d at 721. By contrast, the difficulty of distinguishing between a sprain and the torn ligament and bone fracture that were later diagnosed in Mr. Vinnedge is "not within the realm of a layperson's knowledge and thus, require[s] expert testimony." *Id*. at 722. Especially where the reviewing medical panel was unanimous that the

standard of care was not shown to have been breached, and where the Vinnedges do not now dispute that determination or attempt to support the application of *res ipsa loquitur*, that exceptional doctrine does not save the day for the Vinnedges' complaint.

Summary judgment will be granted to Osolo and Collier. The Vinnedges have failed to respond to defendants' motions, which in any event appear well-taken on several grounds. No *respondeat superior* liability can attach where the underlying claims against VanFossen as the employee have been dismissed with prejudice. The Vinnedges do not have the benefit of *res ipsa loquitur* to support an inference of negligence, and they have failed to produce an expert to dispute the unanimous determination of the reviewing medical panel against a finding that the standard of care was breached.

ACCORDINGLY:

The Motion for Summary Judgment [DE 44] and Motion for Summary Ruling [DE 47] filed by defendant Osolo Urgent Care and Occupational Medical Clinic and defendant Dorwyn C. Collier, D.O. are GRANTED, and the Clerk shall enter summary judgment in favor of these two defendants and against plaintiffs on all remaining claims.

The Final Pretrial Conference previously set for October 31, 2013 and the December 2, 2013 trial setting are VACATED, and this action shall be CLOSED.

ENTERED: October 15, 2013

              s/ Philip P. Simon
              CHIEF JUDGE
              UNITED STATES DISTRICT COURT